UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

COGNEX CORP., and COGNEX TECHNOLOGY
& INVESTMENT LLC,

       Plaintiffs,

    - against -

MICROSCAN SYSTEMS, INC., and
THE CODE CORPORATION,

       Defendants.

------------------------------------------------------------ X

Case No. 13 Civ. 02027 (JSR)

**ECF Case**

JURY TRIAL DEMANDED

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT THE PLAINTIFFS ARE NOT ENTITLED TO DAMAGES PRIOR TO ACTUAL NOTICE OF INFRINGEMENT

SIDLEY AUSTIN LLP

Colin J. Garry
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

McANDREWS, HELD,
 & MALLOY, LTD.

Steven J. Hampton (*Pro hac vice*)
Eligio C. Pimentel (*Pro hac vice*)
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Defendants Microscan
Systems, Inc. and The Code Corporation*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

I.   FACTUAL BACKGROUND ................................................................................. 2

ARGUMENT ................................................................................................................... 2

II.  PLAINTIFFS ARE ENTITLED TO DAMAGES ONLY FOR INFRINGEMENT
     THAT OCCURRED AFTER THEY GAVE ACTUAL NOTICE OF
     INFRINGEMENT ................................................................................................... 2

     A.   Legal Standard ............................................................................................. 2

          1.  When Patented Articles Are Sold By A Patent Owner Or Licensee,
              The Patent Statute Requires Notice of Infringement As A Condition For
              An Award Of Damages For Infringement. ................................................. 3

          2.  A Plaintiff Must Plead And Prove Compliance With The Marking
              Statute To Recover Damages for Patent Infringement ............................. 5

          3.  Damages May Be Limited By Summary Judgment Based on
              Compliance With The Marking Statute. ..................................................... 6

     B.   Cognex's Complaints Limit Damages From Microscan To The Period
          After Cognex Gave Actual Notice Of Infringement And From Code to
          The Period After This Action Was Brought. ............................................... 6

CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

**CASES**

*AT&T Corp. v. Microsoft Corp.*,
    290 F. Supp. 2d 409 (S.D.N.Y. 2003)............................................................. 6, 7, 8

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)..................................................................... 5, 6, 8

*Jackson v. Intel Corp.*,
    No. 09 C 2178,
    2009 WL 2851742, (N.D. Ill. Aug. 31, 2009) ............................................... 7, 9

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)....................................................................... 3, 7, 8

*Northbrook Digital Corp. v. Browster, Inc.*,
    No. 06-4206, 2008
    WL 4104695 (D. Minn. Aug. 26, 2008) ........................................................ 6, 8

*Tech. Licensing Corp. v. Thomson, Inc.*,
    No. Civ. S-031329 WBSPAN,
    2005 WL 1562225 (E.D. Cal. June 30, 2005) ............................................... 7, 9

**STATUTES**

35 U.S.C. § 287(a) ................................................................................... 1, 2, 3, 5, 6, 7

**RULES**

Fed. R. Civ. P. 56(a) ................................................................................................. 8

Fed. R. Civ. P. Form 18 ¶ 4 ...................................................................................... 7

## INTRODUCTION

The Patent Statute requires that a patent owner and its licensees who make or sell a product that is covered by a patent may recover damages for infringement only if the product is marked as covered by the patent or if actual notice of infringement of the patent is communicated to the accused infringer.  35 U.S.C. § 287(a).  No damages may be recovered for infringement that occurs prior to marking of the covered product and prior to actual notice of infringement to the accused infringer.  *Id.*  Filing an action for infringement constitutes actual notice of infringement.  *Id.*  In an action for patent infringement, a plaintiff asserting infringement must plead and prove compliance with this statute.  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

Here, Plaintiffs Cognex Technology and Investment LLC ("CTI LLC") and Cognex Corporation ("Cognex") assert that CTI LLC owns asserted U.S. Patent No. 7,874,487 ("'487 Patent") and that Cognex is an exclusive licensee of the '487 Patent. ██████████████████ ████████████████████████████████████████████████████████████ The complaints do not plead that those products were marked as covered by the '487 Patent.  Rather, those complaints plead that Cognex communicated actual notice of infringement to Defendant Microscan Systems, Inc. ("Microscan") on June 12, 2012.  The complaints in this action do not plead that actual notice of infringement was ever communicated to Defendant The Code Corporation ("Code").  Therefore, the 35 U.S.C. § 287(a) precludes Plaintiffs from recovering damages from Microscan for infringement prior to June 12, 2012, and from recovering damages from Code for infringement prior to March 26, 2013, the date this action was brought.

1

# I.   FACTUAL BACKGROUND

The '487 patent issued on January 25, 2011.  Defendants' Local Rule 56.1 Statement ("Stmt.") ¶ 1.  ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████

On March 26, 2013, Cognex and Cognex Technology & Investment Corp. filed the Complaint in this action accusing Microscan and Code of infringement of the '487 Patent.  *Id.* ¶ 4.  On May 14, 2013, an Amended Complaint was filed substituting CTI LLC for Cognex Technology & Investment Corp. as a Plaintiff.  *Id.* ¶ 5.  The Amended Complaint alleges that the '487 Patent is owned by CTI LLC and that Cognex is the exclusive licensee of that patent.  *Id.* ¶¶ 6, 7.

Neither the Complaint filed on March 26, 2013 nor the Amended Complaint filed on May 14, 2013, pled that Cognex Readers were marked as patented in accordance with 35 U.S.C. § 287 as patented by the '487 Patent.  Stmt. ¶ 8.  Both the Complaint filed on March 26, 2013, and the Amended Complaint filed on May 14, 2013, pled that Cognex gave actual notice of infringement by Microscan on June 12, 2012.  *Id.* ¶ 9.  Neither the Complaint filed on March 26, 2013 nor the Amended Complaint filed on May 14, 2013 pled that actual notice of infringement was ever communicated to Code.  *Id.* ¶ 10.

## ARGUMENT

# II.   PLAINTIFFS ARE ENTITLED TO DAMAGES ONLY FOR INFRINGEMENT THAT OCCURRED AFTER THEY GAVE ACTUAL NOTICE OF INFRINGEMENT

### A.   Legal Standard

1.   **When Patented Articles Are Sold By A Patent Owner Or Licensee, The Patent Statute Requires Notice of Infringement As A Condition For An Award Of Damages For Infringement.**

The Patent Statute, 35 U.S.C. § 287(a) ("Section 287(a)"), requires that "[w]hen a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'" *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). "The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice. The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues." *Gart*, 254 F.3d at 1345. Filing suit for infringement constitutes actual notice of infringement. 35 U.S.C. § 287(a).

When a patent owner or licensee makes or sells a product that embodies at least one claim of a patent but does not mark that product as patented as required by Section 287(a), damages are limited to the period beginning when the patentee provides actual notice of infringement. *See Gart*, 254 F.3d at 1345. In *Gart*, "[t]he parties agree[d] that the Colani Mouse, sold by Gart's licensee but not marked with the '165 patent number, was a patented article within the meaning of 35 U.S.C. § 287(a), thus subjecting Gart to the actual notice requirement of 35 U.S.C. § 287(a)." 254 F.3d at 1345. The Federal Circuit then determined which of the letters sent by the patent holder to the accused infringer constituted actual notice under § 287(a). *See id.* at 1345-47. Once the court determined which letter was sufficient to constitute actual notice under § 287(a), the court affirmed the district court's ruling granting summary judgment limiting damages to the period beginning when actual notice was given. *See id.* at 1347 ("However, the district court's finding that Gart did not effect actual notice of

3

infringement of the TRACKMAN MOUSEMAN and MOUSEMAN + until Gart filed its complaint on July 23, 1998 is affirmed . . . we affirm the district court's grant of summary judgment in favor of Logitech as to the limitation of damages regarding Logitech's TRACKMAN MOUSEMAN and MOUSEMAN + products.")

In *Northbrook Digital Corp. v. Browster, Inc.*, No. 06-4206, 2008 WL 4104695 (D. Minn. Aug. 26, 2008), the court granted summary judgment limiting the patentee's damages to the period beginning after actual notice was given because the patentee failed to mark its products. There, Northbrook's licensee Web3000 made and sold "products [that] were the commercial embodiment of the '445 and '682 patents" which were owned by Northbrook. *Northbrook Digital Corp. v. Browster, Inc.*, No. 06-4206, 2008 WL 4104695, at *3 (D. Minn. Aug. 26, 2008). Northbrook then sued Browster for infringement of the '445 and '682 patents, among others. *See id.* at *1. The court noted that "[i]n this case, Web3000 products were the commercial embodiment of the '445 and '682 patents, and should have been marked on the website through which the product could be downloaded." *Id.* at *3. But there was "no evidence in the record that Northbrook ever raised the issue of marking with Web3000, or evidence that Web3000 did mark its software." *Id.* at *2. The Court then determined that actual notice of infringement of the patents embodied in the patentee's software was given in an email sent in April 2006. *Id.* at *6. As a result, the court "grant[ed] Browster's motion to the extent that Northbrook is precluded from recovering damages that incurred prior to April 2006 with respect to the '445 and '682 patents." *Id.*

Similarly, in *AT&T Corp. v. Microsoft Corp.*, 290 F. Supp. 2d 409, 412 (S.D.N.Y. 2003), the court granted summary judgment limiting the patentee's damages to the period beginning after actual notice was given because the patentee failed to mark its products. In *AT&T*, "[t]he

parties agree[d] that AT&T failed to mark products incorporating the 580 patent technology." *AT&T Corp. v. Microsoft Corp.*, 290 F. Supp. 2d 409, 412 (S.D.N.Y. 2003). Therefore, "the only issue is whether AT&T provided sufficient actual notice of infringement to Microsoft under Section 287(a)." *Id.* The court then determined that sufficient actual notice of infringement was given on April 2, 1999, when AT&T sent Microsoft a letter charging patent infringement. *See id.* at 413. The court granted Microsoft's motion for summary judgment to limit AT&T's damages to the period beginning after the April 2, 1999 actual notice. *See id.* at 418 ("[T]his Court grants Microsoft's motion for partial summary judgment on damages and limits AT&T's potential monetary recovery in this action to damages accruing on and after April 2, 1999.").

### 2.    A Plaintiff Must Plead And Prove Compliance With The Marking Statute To Recover Damages for Patent Infringement

In an action for patent infringement, the patentee bears the "burden of pleading and proving at trial that she complied with the statutory requirements [of 35 U.S.C. § 287(a)]." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). Form 18, which provides a model for a "Complaint for Patent Infringement," provides an example of such a pleading. *See* Fed. R. Civ. P. Form 18 ¶ 4. In *Tech. Licensing Corp. v. Thomson, Inc.*, No. Civ. S-031329 WBSPAN, 2005 WL 1562225, at *3 (E.D. Cal. June 30, 2005), the court limited damages to the period beginning with the filing of the complaint because patentee failed to plead constructive or actual notice because the defendant had relied on the patentee's failure to plead notice. In *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *2-4 (N.D. Ill. Aug. 31, 2009) the court found that patentee's complaint alleging infringement of an expired patent "should, at the least, be dismissed without prejudice" because the patentee "did not plead compliance with the marking statute in his complaint."

3. **Damages May Be Limited By Summary Judgment Based on Compliance With The Marking Statute.**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[C]ompliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact" but "this issue is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the 'particular defendants by informing them of his patent and of their infringement of it.'" *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (citations omitted).

B. **Cognex's Complaints Limit Damages From Microscan To The Period After Cognex Gave Actual Notice Of Infringement And From Code to The Period After This Action Was Brought.**

The '487 patent issued on January 25, 2011.   Stmt. ¶ 1.



Cognex did not plead that it marked the DataMan 7500, 8500, or 9500 handheld readers as patented by the '487 Patent. *Id.* ¶ 8. Cognex can only recover damages based on its having provided actual notice of alleged infringement to Defendants. 35 U.S.C. § 287(a); *Maxwell*, 86 F.3d at 1111; *Gart*, 254 F.3d at 1345. As in *Gart*, *Northbrook Digital*, and *AT&T*, Cognex's damages are limited to the period beginning at actual notice of infringement.

Plaintiffs pled that Cognex communicated actual notice to Microscan's parent company, Spectris plc, on June 12, 2012.   Stmt. ¶ 9.   Plaintiffs did not plead that actual notice of infringement was ever communicated to Code. *Id.* ¶ 10.   Plaintiffs' pleading that the only compliance with 35 U.S.C. § 287(a) is based on actual notice of infringement to Microscan limits

6

the damages for infringement that may be awarded to damages for infringement by Microscan after June 12, 2012, and damages for infringement by Code after March 26, 2013. 35 U.S.C. § 287(a); *See Tech. Licensing Corp. v. Thomson, Inc.*, No. Civ. S-031329 WBSPAN, 2005 WL 1562225, at *3 (E.D. Cal. June 30, 2005); *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *2-4 (N.D. Ill. Aug. 31, 2009).

## CONCLUSION

Defendants respectfully request that their motion for summary judgment that no damages may be awarded for any infringement by Microscan before June 12, 2012, and that no damages may be awarded for any infringement by The Code Corporation before March 26, 2013, be granted.

Dated: New York, New York
      September 20, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP


By: */s/ Colin J. Garry*
    Colin J. Garry
    787 Seventh Avenue
    New York, NY 10019
    (212) 839-5300

    Steven J. Hampton (*Pro hac vice*)
    Eligio C. Pimentel (*Pro hac vice*)
    McANDREWS, HELD, & MALLOY, LTD.
    500 West Madison Street, 34th Floor
    Chicago, IL 60661
    (312) 775-8000

    *Attorneys for Defendants Microscan Systems, Inc. and The Code Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the

Clerk of the District Court using the CM/ECF system, which sent notification of such filing to

the following:

Jacob K. Baron
Zachary A. Weinman
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
(617) 523-2700 Telephone
(617) 523-6850 Facsimile
jacob.baron@hklaw.com
zachary.weinman@hklaw.com

Christopher M. Scott
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200 Telephone
(212) 385-9010 Facsimile
christopher.m.scott@hklaw.com

*Counsel for Plaintiffs*

/s/ Colin J. Garry
Colin J. Garry