UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COGNEX CORP., and COGNEX TECHNOLOGY & INVESTMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSCAN SYSTEMS, INC., and THE CODE CORPORATION,<br><br>Defendants. | Civil Action No. 13 Civ. 02027 (JSR)<br><br>**JURY TRIAL DEMANDED**<br><br>-**PUBLIC REDACTED VERSION** - |

**COGNEX'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT PLAINTIFFS ARE NOT ENTITLED TO DAMAGES PRIOR TO ACTUAL NOTICE OF INFRINGEMENT**

Jacob K. Baron (*NY Lic. No. 4039905*)
Joshua C. Krumholz
(*admitted pro hac vice*)
Zachary A. Weinman
(*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
jacob.baron@hklaw.com
joshua.krumholz@hklaw.com
zachary.weinman@hklaw.com

Christopher M. Scott (CS5219)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
christopher.m.scott@hklaw.com

*Attorneys for Plaintiffs Cognex Corporation and Cognex Technology and Investment LLC*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| III. | LEGAL STANDARD | 3 |
| | A. Summary Judgment is Appropriate When There Is No Dispute of Material Fact | 3 |
| | B. Marking on Packaging Provides Constructive Notice Sufficient to Satisfy 35 U.S.C. § 287(a). | 3 |
| | C. Courts Limit Damages Only Where Defendant Can Show It Suffered Prejudice in Reliance Upon Plaintiff's Pleading | 4 |
| IV. | ARGUMENT | 4 |
| | A. Cognex is Entitled to Damages Going Back to January 25, 2011 Because the DataMan 7500, 8500, and 9500 Products Are Marked in Compliance With 35 U.S.C. § 287(a). | 5 |
| | B. Cognex Should be Allowed to Correct any Pleading Deficiency | 6 |
| | C. Cognex's Theory of Damages is Based on Microscan's Sales, Not Code's. | 7 |
| V. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Medical Sys., Inc. v. Medical Eng'g Corp.,*
   6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................. 4

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) ........................................................................................................... 3

*Block v. First Blood Associates,*
   988 F.2d 344 (2d Cir.1993) ............................................................................................... 7

*Bowling v. Hasbro, Inc.,*
   490 F. Supp. 2d 262 (D.R.I. 2007) ................................................................................. 4, 7

*Brod v. Omya, Inc.,*
   653 F.3d 156 (2d Cir. 2011) ............................................................................................... 3

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ........................................................................................................... 3

*Civix–DDI, LLC, v. Cellco P'ship,*
   387 F.Supp.2d 869 (N.D.Ill.2005) .................................................................................. 4, 7

*Gillette Safety Razor Co. v. Standard Safety Razor Corporation,*
   2. F. Supp. 64 (D.C. Conn. 1932) ...................................................................................... 4

*Rutherford v. Trim-Tex, Inc.,*
   803 F. Supp. 158 (N.D. Ill. 1992) .................................................................................. 4, 6

*Williams v. R.H. Donnelley Corp.,*
   368 F.3d 123 (2d Cir. 2004) ............................................................................................... 3

**STATUTES**

35 U.S.C. § 287(a) ............................................................................................... 3, 4, 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ................................................................................................... 3

Plaintiffs Cognex Corp. and Cognex Technology & Investment LLC (collectively, "Cognex") submit this memorandum of law in opposition to the Motion for Summary Judgment That the Plaintiffs are Not Entitled to Damages Prior to Actual Notice of Infringement [D.E. 68] submitted by Microscan Systems, Inc. ("Microscan") and the Code Corporation ("Code") (collectively, "Defendants").

## I. INTRODUCTION

This is a case involving allegations of patent infringement against Defendants who entered the market with full awareness of Cognex's products, intending to compete directly with them. Now, in the face of infringement allegations, Defendants argue that they shouldn't be required to compensate Cognex for the entire period of their infringement because of an alleged pleading deficiency. Defendants shouldn't be able to avoid the consequences of their infringement on a technicality. And, Cognex **does** mark its product materials and has listed the '487 Patent on a website identifying patents covering its products. In addition, Microscan was on constructive notice that Cognex listed its patents on the Cognex website because Microscan had purchased a DataMan7500 product during the development of the accused Mobile Hawk product. Cognex learned during discovery, through documents produced by Microscan, these facts demonstrating that Microscan was on constructive notice of the '487 patent prior to the issue date of the patent. Moreover, Defendants suffered no prejudice in reliance on Cognex's pleading because they were aware of Cognex's theory of damages at least through expert discovery and in fact their own expert considered scenarios in which damages run from the issue date of the patent.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Cognex filed its Complaint in this action on March 26, 2013, and its First Amended Complaint on May 14, 2013 (collectively, the "Complaint"). Cognex's Statement of Material Facts ("SOF") at ¶ 11. In the Complaint, Cognex asserts that Microscan and Code infringe U.S. Patent No 7,874,487 ("the '487 patent"). Cognex alleged in the Complaint that Microscan has been on notice of the '487 Patent "at least as early as June 12, 2012," when Cognex sent a letter to Microscan alleging that a handheld direct part marking reader called the Mobile Hawk Direct Part Marking Handheld Imager ("Mobile Hawk") infringes one or more claims of the '487 patent. SOF at ¶ 12.

Among other products, Cognex develops, manufactures and sells its DataMan® line of handheld ID reader products, including the DataMan 7500, 8500, and 9500, that use the inventions claimed in the '487 Patent to read direct part marks. SOF at ¶¶ 13-14. At all times relevant to this motion, Cognex Corp. has designed, manufactured, and sold at least one of the DataMan 7500, 8500, and 9500. SOF at ¶ 14. A Quick Reference Guide included in the packaging of every DataMan 7500, 8500 and 9500 directs users to a public page on the Cognex Corp. website for patent information. SOF at ¶ 15. Cognex's public Website includes the '487 Patent among Cognex's intellectual property. SOF at ¶ 16 (citing COG0034245 (Baron Decl. Ex. 2).



[REDACTED]

The '487 Patent issued on January 25, 2011. SOF at ¶ 22. CTI LLC is the owner of all right, title, and interest to the '487 Patent. SOF at ¶ 23. Cognex Corp. is the exclusive licensee to the '487 Patent, with the right to sub-license. SOF at ¶ 24.

### III.   LEGAL STANDARD

#### A.   Summary Judgment is Appropriate When There Is No Dispute of Material Fact

Under Rule 56(a) of the Federal Rules of Civil Procedure, a party requesting summary judgment must demonstrate that there is "no genuine dispute as to any material fact" and that she is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding a motion for summary judgment, a court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). "[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

#### B.   Marking on Packaging Provides Constructive Notice Sufficient to Satisfy 35 U.S.C. § 287(a).

Section 287(a) of the Patent Act provides that "[a patentee] is entitled to damages from the time when it either began marking its product in compliance with section 287(a), [constructive notice,] or when it actually notified [the accused infringer] of its infringement, whichever was earlier." *American Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537

(Fed. Cir. 1993). Marking on packaging is sufficient for compliance with 35 U.S.C. § 287(a). *See, e.g., Rutherford v. Trim-Tex, Inc.*, 803 F. Supp. 158, 163 (N.D. Ill. 1992) (marking of package for patented metal drywall casing bead with T-shaped cross section sufficient to permit recovery, even though patented article had no mark); *Gillette Safety Razor Co. v. Standard Safety Razor Corporation*, 2. F. Supp. 64 (D.C. Conn. 1932) (reversed on other grounds) (marking of packages containing patented safety razor blades sufficient without marking blades).

C.  **Courts Limit Damages Only Where Defendant Can Show It Suffered Prejudice in Reliance Upon Plaintiff's Pleading**

Courts often deny motions for summary judgment seeking to limit damages based on a failure to plead under 35 U.S.C. § 287(a) where the movant fails to show unfair prejudice in reliance on the plaintiff's pleading. *See Bowling v. Hasbro, Inc.*, 490 F. Supp. 2d 262, 275-76 (D.R.I. 2007) (refusing to grant summary judgment where plaintiff's pleading of willful infringement was sufficient for constructive notice and defendant failed to allege any unfair prejudice by plaintiff's oversight that would warrant departure from liberal pleading requirements); *Civix–DDI, LLC, v. Cellco P'ship*, 387 F.Supp.2d 869, 901 n. 38 (N.D.Ill.2005) (following the rule in *Sentry* in the absence of unfair prejudice to the accused infringer).

## IV.  ARGUMENT

Cognex is entitled to damages from the date the '487 patent issued because it marked the DataMan products and Defendants have been in possession of a DataMan product since prior to the issue date. *See American Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d at 1537 ("Section 287(a) of the Patent Act provides that '[a patentee] is entitled to damages from the time when it either began marking its product in compliance with section 287(a), [constructive notice,] or when it actually notified [the accused infringer] of its infringement, whichever was earlier.'"). To the extent this Court finds a pleading deficiency, Cognex should be allowed to

correct any pleading deficiency to reflect facts learned only through discovery that it did not know when it filed the Complaint—there is no prejudice to the Defendants.

A.  **Cognex is Entitled to Damages Going Back to January 25, 2011 Because the DataMan 7500, 8500, and 9500 Products Are Marked in Compliance With 35 U.S.C. § 287(a).**

Cognex is entitled to damages because product packaging for the DataMan 7500, 8500 and 9500 is marked in compliance with 35 U.S.C. § 287(a) and Microscan was in possession of at least one DataMan product prior to January 25, 2011. In other words, Microscan has been on constructive notice of the '487 patent since it issued.

Cognex began selling the DataMan 7500 in late 2005. SOF at ¶ 25 (citing Deposition Transcript of Carl Gerst ("Gerst Tr.") (Declaration of Jacob Baron ("Baron Decl.") Ex. 5) at 79:10-16). Instructions imprinted on the exterior of the DataMan 7500 inform users to "See Pkg. For Patent Listing." SOF at ¶ 26 (citing Declaration of Carl Gerst ("Gerst Decl.") at ¶ 3). A Quick Reference Guide included in the packaging of every DataMan 7500 directs users to Cognex's Website for patent information about the product. SOF at ¶ 27 (citing Gerst Decl. at ¶ 4. The '487 Patent is listed on a public section of Cognex website providing patent information. SOF at ¶ 16.

Similarly, a Quick Reference Guide included in the packaging of every DataMan 8500 directs users to Cognex public website for patent information, stating "the hardware and portions of the software described in this document may be covered by one or more of the U.S. patents listed on the Cognex website http://www.cognex.com/patents.asp." SOF at ¶ 28.

Likewise, the DataMan 9500 Series' Quick Reference Guide also directs users to the Cognex website for patent information. SOF at ¶ 29. The Quick Reference Guide is included in the packaging of each DataMan 9500 Series reader. SOF at ¶ 29 (citing Gerst Decl. at ¶ 4).



*See, e.g., Rutherford*, 803 F. Supp. at 163 (explaining that marking on packaging is sufficient for compliance with 35 U.S.C. § 287(a)). Cognex is therefore entitled to damages going back to the date the '487 patent issued.

**B.     Cognex Should be Allowed to Correct any Pleading Deficiency**

Cognex should be allowed to correct any pleading deficiency because it only learned the facts which would have allowed it to in good faith plead constructive notice during discovery. Moreover, Defendants suffered no prejudice because they are fully aware of, and responded to, Cognex's damages theories during expert discovery.

As an initial matter, Cognex only learned that Defendants possessed a DataMan 7500 as early as 2006 during discovery. For this reason, Cognex was not in a position to plead constructive notice at the time it filed the Complaint. Cognex should be allowed to correct any pleading deficiency in light of the facts that Cognex has learned through Microscan's document production.

6
PUBLIC REDACTED VERSION

Additionally, there is no reason not to allow Cognex to amend the Complaint to correct any deficiency because Defendants did not rely on Cognex's pleading and have not suffered any prejudice. *See Bowling v. Hasbro, Inc.*, 490 F. Supp. 2d 262, 275-76 (D.R.I. 2007) (refusing to grant summary judgment where plaintiff's pleading of willful infringement was sufficient for constructive notice and defendant failed to allege any unfair prejudice by plaintiff's oversight that would warrant departure from liberal pleading requirements); *Civix–DDI, LLC, v. Cellco P'ship,* 387 F.Supp.2d 869, 901 n. 38 (N.D.Ill.2005) (denying motion for summary judgment seeking to limit damages because of a 35 U.S.C. 287(a) pleading deficiency where movant failed to show unfair prejudice). In this case, Defendants were aware of Plaintiffs' damages theories since at least Cognex's Expert Report on Damages on July 19, 2013. Defendants' expert prepared a Rebuttal Report including scenarios assuming damages run from January 25, 2011, and submitted that report a full six weeks later on August 30, 2013. In other words, the case so far has proceeded exactly as it would have had Cognex pled constructive notice going back to the date the patent issued, and Defendants have not been prejudiced in any way. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993) (Prejudice arises when the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.").

The Court should not allow Defendants to avoid the consequences of their infringement based on a technicality.

### C. Cognex's Theory of Damages is Based on Microscan's Sales, Not Code's.

Defendants seek a ruling that Code's damages for infringement should run from the date the original Complaint was filed on March 26, 2013. However, Cognex's damages theories are

based on Microscan's sales, not Code's. Therefore granting Defendants' Motion on this point would not affect the damages sought in this case.

## V.  CONCLUSION

For the reasons set forth above, Cognex respectfully requests that the Court deny Defendants' Motion for Summary Judgment that the Plaintiffs are Not Entitled to Damages prior to Actual Notice of Infringement and allow Cognex to amend its Complaint.

DATED:  October 4, 2013

Respectfully Submitted,
COGNEX CORPORATION and COGNEX TECHNOLOGY AND INVESTMENT LLC

/s/Jacob K. Baron
Jacob K. Baron (*NY Lic. No. 4039905*)
Zachary A. Weinman
(*admitted pro hac vice*)
Joshua C. Krumholz
(*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
jacob.baron@hklaw.com
zachary.weinman@hklaw.com
joshua.krumholz@hklaw.com

Christopher M. Scott (CS5219)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
christopher.m.scott@hklaw.com

*Attorneys for Plaintiffs Cognex Corporation and Cognex Technology and Investment LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2013, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list below.

/s/ *Jacob K. Baron*
Jacob K. Baron

Colin J. Garry
cgarry@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Steven J. Hampton
(*admitted pro hac vice*)
shampton@mcandrews-ip.com
Eligio C. Pimentel
(*admitted pro hac vice*)
epimentel@mcandrews-ip.com
Stephen M. Wurth
(*admitted pro hac vice*)
swurth@mcandrews-ip.com
McAndrews, Held & Malloy, LTD
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Defendants Microscan Systems, Inc. and the Code Corporation*

#25899201_v8