UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
COGNEX CORP., and COGNEX TECHNOLOGY
& INVESTMENT LLC,
                      Plaintiffs,

          - against -

MICROSCAN SYSTEMS, INC., and
THE CODE CORPORATION,

                      Defendants.
-------------------------------------------------------------- X

Case No. 13 Civ. 02027 (JSR)

**ECF Case**

JURY TRIAL DEMANDED

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT THE PLAINTIFFS ARE NOT ENTITLED TO DAMAGES PRIOR TO ACTUAL NOTICE OF INFRINGEMENT

SIDLEY AUSTIN LLP

Colin J. Garry
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

McANDREWS, HELD,
   & MALLOY, LTD.

Steven J. Hampton (*Pro hac vice*)
Eligio C. Pimentel (*Pro hac vice*)
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Defendants Microscan Systems, Inc. and The Code Corporation*

1

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.     COGNEX'S MOTION FOR LEAVE TO AMEND IS NOT PROPERLY BEFORE THIS COURT .............................................................................................. 1

II.    COGNEX'S MOTION FOR LEAVE TO AMEND IS UNTIMELY, DILATORY, PREJUDICIAL, AND FUTILE ................................................................ 2

    A.     Cognex Is Seeking Leave To Amend Well After The Deadline For Amending The Pleadings .................................................................................... 2

    B.     Cognex Had All The Information Necessary To Plead Constructive Notice Before This Lawsuit And Its Request To Amend The Complaint Is Untimely ...................................................................................................... 3

    C.     Cognex's Proposed Amendment Would Be Prejudicial To Defendants ................ 4

    D.     Cognex's Proposed Amendment Would Be Futile ................................................ 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*American Medical Systems, Inc. v. Medical Engineering Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................. 3

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) .................................................................................. 3

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
  760 F.2d 442 (2d Cir. 1985) ................................................................................... 2

*Bowling v. Hasbro, Inc.*,
  490 F. Supp. 2d 262 (D.R.I. 2007) ...................................................................... 7, 8

*Civix-DDI, LLC v. Cellco P'ship*,
  387 F. Supp. 2d 869, (N.D. Ill. 2005) .................................................................. 7, 8

*Devices for Medicine, Inc. v. Boehl*,
  822 F.2d 1062 (Fed. Cir. 1987) .............................................................................. 4

*Foman v. Davis*,
  371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ............................................... 2

*Gillette Safety Razor Co. v. Standard Safety Razor Corp.*,
  2 F. Supp. 64 (D. Conn. 1932) .............................................................................. 10

*Hartford Fire Ins. Co. v. Goodman Mfg. Co., L.P.*,
  No. 09 Civ. 10090 (JSR), 2010 WL 3260111 (S.D.N.Y. Aug. 4, 2010) ................... 1

*Holmes v. Grubman*,
  568 F.3d 329 (2d Cir. 2009) ................................................................................... 2

*Jin v. Metro. Life Ins. Co.*,
  310 F.3d 84 (2d Cir. 2002) ..................................................................................... 2

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998) ........................................................................... 3, 5

*Rutherford v. Trim-Tex, Inc.*,
  803 F. Supp. 158 (N.D. Ill. 1992) ........................................................................... 9

*Tech. Licensing Corp. v. Thomson, Inc.*,
  No. Civ. S-031329 WBSPAN,
  2005 WL 1562225 (E.D. Cal. June 30, 2005) ...................................................... 5, 8

**STATUTES**

35 U.S.C. § 287 ........................................................................................................................... 9

**RULES**

Fed. R. Civ. P. 16(b)(4) .............................................................................................................. 2

Fed. R. Civ. P. 15(a) .................................................................................................................. 2

## INTRODUCTION

In their initial moving papers, Defendants pointed out that Cognex bears the burden of pleading and proving compliance with 35 U.S.C. § 287(a) and that Cognex pleaded an actual notice damages theory based on a June 12, 2012 letter. (D.E. No. 79 at 1.) Cognex does not dispute that it bears the burden of pleading and proving compliance with 35 U.S.C. § 287(a). Nor does Cognex dispute that it pleaded actual notice in its complaints. Instead, Cognex seeks to amend its pleadings to pursue an entirely new damages theory after discovery has closed and after Defendants filed a motion for summary judgment. Cognex's motion to amend is procedurally improper, untimely, dilatory, and futile. Defendants' motion to limit damages to the period beginning with actual notice (which is based on Cognex's own damages theory as pleaded in the Complaint and Amended Complaint) should be granted, and Cognex's improper motion to amend its pleadings should be denied.

## ARGUMENT

### I. COGNEX'S MOTION FOR LEAVE TO AMEND IS NOT PROPERLY BEFORE THIS COURT

Cognex's Opposition is essentially an untimely motion to amend the pleadings after discovery has closed and after summary judgment motions have been filed. (D.E. No. 106.) Cognex never requested leave to file such a motion so it is not properly before this court—and it should be denied. *See* Individual Rules of Practice 2(b); *see also Hartford Fire Ins. Co. v. Goodman Mfg. Co., L.P.*, No. 09 Civ. 10090 (JSR), 2010 WL 3260111, at *2 (S.D.N.Y. Aug. 4, 2010). But even if Cognex's motion to amend its pleadings were properly before this Court— and again it is not—it should be denied as untimely, dilatory, prejudicial and futile in any event.

## II. COGNEX'S MOTION FOR LEAVE TO AMEND IS UNTIMELY, DILATORY, PREJUDICIAL, AND FUTILE

### A. Cognex Is Seeking Leave To Amend Well After The Deadline For Amending The Pleadings

The deadline for filing amended pleadings was May 28, 2013. (D.E. No. 28.) "Where, as here, a scheduling order governs amendments to the complaint, *see* Fed. R. Civ. P. 16(b)(4)…'the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (affirming denial of leave to amend). "Whether good cause exists turns on the 'diligence of the moving party.'" *Id.* at 335 (citation omitted).

Under Rule 15, "the district court has the discretion to deny leave if there is good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Although generally leave to file an amended pleading 'shall be freely given,' Fed. R. Civ. P. 15(a), 'the trial court [is] required to take into account any prejudice' that might result to the party opposing the amendment." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("[P]ermitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and Cola had already filed a motion for summary judgment.").

Cognex provides no credible reason for amending its pleadings at this late stage. The deadline for amending pleadings was months ago. All of the information necessary to plead constructive notice was in Cognex's possession before this lawsuit was filed. And Defendants conducted discovery based on Cognex's pleaded actual notice theory. Cognex's motion for leave to amend should be denied.

### B. Cognex Had All The Information Necessary To Plead Constructive Notice Before This Lawsuit And Its Request To Amend The Complaint Is Untimely

Cognex claims that it needed discovery to determine whether Microscan was on constructive notice of its patent. (D.E. No. 106 at 1, 6.) Cognex is wrong. It is black letter law that compliance with § 287(a) is based on the conduct of the patentee, not on the knowledge of the defendant. *See Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("It is irrelevant, contrary to the district court's conclusion, whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993) ("The notice of infringement must therefore come from the patentee, not the infringer."); *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("However, the issue of willfulness turns on the actual knowledge of the infringer, and is unrelated to the adequacy of constructive notice by the patentee. In determining whether the patentee marked its products sufficiently to comply with the constructive notice requirement, the focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice in rem."); *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("Absent notice, BOEHL's 'knowledge of the patents' is irrelevant. Section 287 requires 'proof that the infringer was *notified of the infringement*.' (emphasis ours)."). To plead constructive notice, Cognex needed to know only what Cognex had done. Cognex did not need discovery from Defendants.

That Cognex had all of the information necessary to plead constructive notice before this lawsuit was filed is reason enough to deny Cognex's motion. *See Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) (denying leave to amend to add claims based on information in

3

plaintiffs' possession before complaint was filed and noting that "The plaintiffs may not flout the rules that provide for the orderly disposition of cases and then ask this court's indulgence so that they may try again").

But Cognex's untimely motion is also dilatory and untimely because, as stated by Cognex's damages expert, Cognex knew during preparation of the damages report served in this action



(James Pampinella Dep. Tr. (Exhibit 1 to the Declaration of Colin J. Garry ("Garry Decl.") at 123:7-24.)

### C. Cognex's Proposed Amendment Would Be Prejudicial To Defendants

Cognex cavalierly refers to the patent notice statute as "*a technicality*." (D.E. No. 106 at 1, 7 (emphasis added).) But 35 U.S.C. § 287(a) serves very important purposes, including "1) helping to avoid innocent infringement, 2) encouraging patentees to give notice to the public that the article is patented, and 3) aiding the public to identify whether an article is patented." *Nike, Inc.*, 138 F.3d at 1443. And "[t]he requirement that the patentee plead notice effectively serves to put the alleged infringer on notice as to the scope of the litigation and the extent of the damages alleged." *Tech. Licensing Corp. v. Thomson, Inc.*, No. Civ. S-031329 WBSPAN, 2005 WL 1562225, at *2 (E.D. Cal. June 30, 2005). Here, Cognex made an affirmative pleading choice in its complaint—it voluntarily chose to pursue damages on an actual notice theory. (*See*

D.E. No. 1 ¶ 14, Ex. B.) Cognex even amended its complaint early in this case but failed to change its notice theory. (*See* D.E. No. 24 ¶ 14, Ex. B.) Cognex set the scope of the litigation.

Cognex then baldly and incorrectly asserts that "Defendants did not rely on Cognex's pleading and have not suffered any prejudice." (D.E. No. 106 at 7.) To the contrary, Defendants did not take discovery on issues of marking because Cognex pleaded actual notice. And Defendants *would* be severely prejudiced if Cognex were permitted to change its entire damages theory now. *Tech. Licensing Corp.*, 2005 WL 1562225, at *3 ("Defendant would be prejudiced if plaintiffs were allowed to proceed in seeking damages prior to the filing of the original complaint."). In fact, the prejudice to Defendants was caused entirely by Cognex.

Although not directed to the specific issues of marking, Defendants' Rule 34 requests encompassed Cognex's products—the very evidence on which Cognex now relies for its new damages theory. (*See* D.E. No. 106 at 1, 2, 4-6.) At the beginning of discovery, Defendants requested "Two physical samples of all Cognex Products." (Microscan Systems, Inc.'s First Set of Rule 34 Reqs. For Produc. Of Docs. And Things To Cognex Corp. (Garry Decl., Ex. 2) at Request 93.) In response, Cognex stated that "***Cognex will not produce physical samples of any of its products.***"[1] (Cognex Corp.'s Objections and Resps. To Microscan's First Set of Reqs. for Produc. (Nos. 1-99) (Garry Decl., Ex. 3) at 105.) When Defendants wrote to point out numerous deficiencies in Cognex's production, Defendants again requested "Two samples of all Cognex Products (Request 93)." (July 12, 2013 Deficiency Letter (Garry Decl., Ex. 4) at 2.) In response, Cognex stated that "***Cognex will not produce documents in response to requests* 36, 39, or *93*.**" (July 15, 2013 Resp. to Deficiency Letter (Garry Decl., Ex. 5) at 1 (emphasis added).)

---

[1] Cognex also stated this request was "not confined to the relevant issues in this case and not reasonably calculated to lead to discovery of relevant admissible evidence." (Garry Decl., Ex. 3 at 105.)

5

Defendants then requested, for the third time, that Cognex produce "two physical samples of each Cognex Product (Request 93)." (July 26, 2013 Deficiency Letter (Garry Decl., Ex. 6) at 1.) Cognex never produced physical samples. Now, **Cognex points to physical samples of the very products that it withheld** to change its damages theory. (*See*, *e.g.*, D.E. 106 at 5.) At the time, Cognex's refusal to provide the requested discovery was not injurious. But now that Cognex seeks to rely on that evidence, Cognex's refusal is highly prejudicial.

Cognex also argues its damages report put Defendants on notice of Cognex's new theory. (D.E. 106 at 1, 7.) But that report does not even come close to disclosing Cognex's new theory. Cognex's damages expert admitted 

(James Pampinella Dep. Tr. (Garry Decl., Ex. 1) at 121:24-125:2.) Contrary to Cognex's argument, Cognex's damages expert provided no details for Cognex's new notice theory.

The two cases cited by Cognex for its argument that Defendants knew about the '487 patent and were thus not prejudiced are inapposite and distinguishable. In both cases, the patentee completely failed to plead compliance with 35 U.S.C. § 287(a). *See Bowling v. Hasbro*,

6

*Inc.*, 490 F. Supp. 2d 262, 275 (D.R.I. 2007) ("Bowling did not affirmatively allege compliance with § 287(a) in his Complaint[.]"); *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 901 n.38 (N.D. Ill. 2005) (noting "Civix's failure to plead its § 287(a) compliance"). But here, Cognex pleaded actual notice based on a letter sent on June 12, 2012. (D.E. Nos. 1 and 24, ¶ 14 and Ex. B.) Cognex even confirmed that position (contradicting its positions here) in papers filed just one week ago, stating that "Cognex put Microscan *on actual notice* of the infringement allegations against the Mobile Hawk on June 12, 2012." (D.E. No. 98 at 11 (emphasis added).)

Cognex's cases are further distinguishable because discovery had been conducted on the marking issues in those cases. *See Bowling*, 490 F. Supp. 2d at 276 (noting "Hasbro's extensive discovery on this issue"); *Civix*, 387 F. Supp. 2d at 901, & n.38 (noting deposition testimony on marking). Here, because Cognex's complaints put Defendants "on notice as to the scope of the litigation and the extent of the damages alleged," *Tech. Licensing Corp.*, 2005 WL 1562225, at *2, Defendants did not pursue discovery on marking. Owing to the accelerated schedule of this case, Defendants could not spend time on discovery outside the scope of the pleadings.

Based on Cognex's new arguments, as a matter of fairness, discovery would have to be re-opened for Defendants to explore the nature of Cognex's alleged marking. Cognex would have to provide the discovery that it refused to provide earlier in this case. Cognex would also have to provide documentation from the DataMan 7500 and 9500 products related to marking.[2] The statements made by Carl Gerst in his declaration would have to be explored through deposition. (*See* D.E. No. 109.) Finally, as discussed *infra* at section II.D, what little evidence

---

[2] Cognex refers to only one Quick Reference Guide in its opposition. (*See* D.E. 107 ¶ 28.) Cognex did not refer to production numbers for documents relating to the DataMan 7500 or 9500 products even though it claims that documentation for those products referred users to a website.

Cognex has provided is facially incorrect for purposes of marking. Defendants would need discovery to explore these issues and to fairly respond to Cognex's belated new damages theory.

### D. Cognex's Proposed Amendment Would Be Futile

Cognex's motion for leave to amend its pleadings should also be denied because such an amendment would be futile. There are several problems with Cognex's arguments regarding compliance with both the pre- and post-America Invents Act ("AIA") notice statute.

*First*, Cognex asserts that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (D.E. No. 106 at 6.) That time period is irrelevant because the '487 patent did not even issue until January 25, 2011. Cognex could not and did not mark any products as covered by the '487 patent in 2006.

*Second*, Cognex argues that it "began selling the DataMan 7500 in late 2005" and that "A Quick Reference Guide included in the packaging of every DataMan 7500 directs users to Cognex's Website for patent information about the product." (D.E. No. 106 at 5.) But virtual marking was not authorized until September 16, 2011. *See* 35 U.S.C. § 287 (post-AIA). Any attempted virtual marking was not proper until that date.

*Third*, Cognex argues that documentation provided with its products contained evidence of marking. (D.E. No. 106 at 3-4.) But in *Rutherford v. Trim-Tex*, cited by Cognex for its argument that it could mark product packaging, the court noted that "[o]ne caveat or limitation exists to this approach. Where the patented article has markings or printing on it, other than the appropriate patent marking, then the alternate form of patent markings on the package *is not sufficient compliance* with the statute." 803 F. Supp. 158, 163 (N.D. Ill. 1992) (emphasis added). Here, the very document that Cognex points to shows that Cognex's products include

8

various non-patent markings. (*See, e.g.*, D.E. No. 110 Ex. 6 at COG0009778, 9812, 9814, 9815, 9818, 9819, 9821, 9825.) Cognex's evidence is not sufficient even under its own case law.[3]

***Fourth***, Cognex points to COG009838 as evidence of marking. But that page bears a copyright date of 2010. Because the '487 patent did not issue until 2011, that document could not have provided evidence of marking in 2010. And, Cognex has not provided any evidence that establishes when the '487 patent was added to that or any webpage.

***Fifth***, the web address at COG009838 does not include a listing of patents.[4] And Cognex's cited documentation does not even direct users to the proper web address to view Cognex's patents. COG009838 directs users to http://www.cognex.com/patents.asp (D.E. 107 ¶ 28), but Cognex apparently lists patents at http://www.cognex.com/cognex-patents.aspx. (D.E. 107 ¶ 16 (citing COG0034245 (Baron Decl. Ex. 2).) ***Those are different web addresses***. Cognex does not direct users to the proper web address for virtual marking.[5]

***Sixth***, and even if Cognex had provided the proper web address for its patent listing, the webpage provided by Cognex does not comply with the virtual marking statute. The statute requires that the webpage "associate[] the patented article with the number of the patent." 35 U.S.C. § 287(a). Cognex's webpage does not associate the patents with Cognex's products as required by the statute. Rather, it simply lists numerous patents with the message "Cognex

---

[3] The other case cited by Cognex, *Gillette Safety Razor Co. v. Standard Safety Razor Corp.*, 2 F. Supp. 64 (D. Conn. 1932) was decided in 1932 under a different statute, and was based on claims that "specify a combination which it appears is sold in a package properly marked. No authority has been called to my attention which holds that each element of a patented combination must bear the patent marking." 2 F. Supp. at 69.

[4] A screenshot of http://www.cognex.com/patents.asp is provided at Garry Decl., Ex. 7.

[5] Based on this discrepancy and Cognex's failure to plead and produce evidence supporting a constructive notice damages theory, discovery would also be required at least to determine which web address was correct, what information as available before, on, and after January 25, 2011 at each web address, when information as added to any webpage allegedly listing patents, who was responsible for maintaining that webpage, who made decisions whether to list certain patents on those webpages, in addition to other issues.

products may be covered by one or more of the following patents." (D.E. 110 Ex. 2.) It also bears a copyright date of 2013, years after the '487 patent issued.

For at least these reasons, Cognex's evidence of constructive notice is facially deficient. An amendment to pursue a damages theory based on this evidence would be futile.

## CONCLUSION

Defendants respectfully request that their motion for summary judgment that no damages be awarded for any infringement by Microscan before June 12, 2012, and that no damages be awarded for any infringement by The Code Corporation before March 26, 2013, be granted and that Cognex's untimely and futile motion for leave to amend its pleadings be denied.

Dated: New York, New York
October 11, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Colin J. Garry
Colin J. Garry
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

Steven J. Hampton (*Pro hac vice*)
Eligio C. Pimentel (*Pro hac vice*)
McANDREWS, HELD, & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000

*Attorneys for Defendants Microscan Systems, Inc. and The Code Corporation*

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Jacob K. Baron
Zachary A. Weinman
Joshua Krumholz
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
(617) 523-2700 Telephone
(617) 523-6850 Facsimile
jacob.baron@hklaw.com
zachary.weinman@hklaw.com
joshua.krumholz@hklaw.com

Christopher M. Scott
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200 Telephone
(212) 385-9010 Facsimile
christopher.m.scott@hklaw.com

*Counsel for Plaintiffs*

/s/ Colin J. Garry
Colin J. Garry